# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GABRIEL SOLIS, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-22-1037-D |
| WILLIAM RANKINS, Warden, | ) |
| Respondent. | ) |

## O R D E R

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 7] issued by United States Magistrate Judge Shon T. Erwin under 28 U.S.C. § 636(b)(1)(B) and (C). Upon preliminary review, Judge Erwin finds that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is untimely under § 2244(d)(1) and there is no basis for statutory or equitable tolling. Judge Erwin therefore recommends that the Petition be dismissed with prejudice to refiling.

Petitioner, a state prisoner who appears *pro se*, has filed a timely Objection [Doc. No. 8]. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Petitioner seeks relief from a 45-year prison sentence imposed on October 2, 2015, by the District Court of Oklahoma County, Oklahoma, in Case No. CF-2010-8077. Petitioner claims that his sentence violates the Eighth Amendment because the term of imprisonment exceeds the statutory maximum penalty provided for his criminal offense

under Okla. Stat. tit. 21, § 843.1, and that, when he completed the maximum term of ten years authorized by § 843.1, he was entitled to immediate release. Petitioner appealed his conviction and 45-year sentence in 2015, and the Oklahoma Court of Criminal Appeals ("OCCA") denied relief in July 2016. *See Solis v. State*, No. C-2015-890, Summ. Op. (Okla. Crim. App. July 21, 2016) (Pet. Writ Habeas Corpus (hereafter "Pet."), attach. 4 [Doc. No. 1-4] at 9-11) (ECF page numbering). Petitioner filed an application for post-conviction relief in February 2022, which was denied, and Petitioner's appeal from the denial remained pending when this case was filed (and when Judge Erwin issued his R&R). *See Solis v. State*, No. PC-2022-411 (Okla. Crim. App. May 2, 2022). Petitioner filed his Petition on December 8, 2022.[1]

Based on the procedural history of Petitioner's criminal case, Judge Erwin finds that Petitioner's conviction and sentence became final in October 2016 and the one-year period to file a habeas petition, as provided by 28 U.S.C. § 2244(d)(1)(A), expired in October 2017. Judge Erwin also finds that Petitioner is not entitled to statutory tolling, equitable tolling, or application of the actual innocence exception. Judge Erwin therefore finds that the Petition is untimely and recommends that it be dismissed with prejudice.

---

[1] The statute cited by Petitioner, § 843.1, appears on the state district court's docket sheet and in the judgment entered in October 2015. *See* Pet., attach. 2 [Doc. No. 1-2] at 4, attach. 3 [Doc. No. 1-3] at 35. Other district court documents and case records in Petitioner's various appeals (including OCCA's 2016 decision) cite a different statute, Okla. Stat. tit. 21, § 843.5. *See Solis v. State*, No. C-2012-1165, Summ. Op. (Okla. Crim. App. Feb. 11, 2014) (Pet., attach. 3 at 45, and attach. 4 at 93); *Solis v. State*, No. C-2014-270, Summ. Op. (Okla. Crim. App. June 2, 2015) (Pet., attach. 4 at 1); *Solis v. State*, No. C-2015-890, Petr.'s Brief, 2016 WL 6594774 (Okla. Crim. App. Mar. 4, 2016). The discrepancy is immaterial to this Order.

Liberally construing the Objection, Petitioner asserts that Judge Erwin applied the wrong statutory period and that the Petition was timely filed within one year of the date on which the factual predicate of his claim could have been discovered, as provided by § 2244(d)(1)(D).[2]  Petitioner argues that the Petition does not challenge his conviction nor seek to vacate his criminal judgment and sentence but, instead, was "filed to enforce the Statutory Maximum Sentence . . . which expired on December 17, 2022.  This date is the factual predicate mandated by Congress within the A.E.D.P.A. . . ."  See Obj. at 2.  In Petitioner's view, he became illegally detained when he served a maximum 10-year term of imprisonment:  "Once Oklahoma refused to apply the statutory mandated sentence in his case and release him upon completion of his [maximum] sentence the State violated his 8th Amendment [rights]."  Id. at 3; see id. at 4 ("When making a claim that Mr. Solis is being detained beyond the statutory maximum sentence, the factual predicate of that claim would not be available until he has been detained beyond the statutory maximum sentence and not a moment before.").  Stated differently, "[b]y the State of Oklahoma refusing to adhere to its own law(s) a new violation of the United States Constitution was created and this 'triggered' the restart of the A.E.D.P.A. [time limit]."  Id. at 3.[3]

---

[2]  Because Plaintiff appears *pro se*, the Court must liberally construe his pleadings and arguments, but it cannot act as his advocate.  See *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3]  Of course, under this timeliness theory, Petitioner's claim of entitlement to release on December 17, 2022, had not accrued when the Petition was filed on December 8, 2022, and no tolling doctrine would be needed to preserve his claim.  Thus, the Court does not reach Petitioner's arguments regarding these doctrines.  See, *e.g.*, Obj. at 5 ("the 'equitable tolling' date would only commence from December 17, 2022, once the State refused to comply with the Statutory language and discharge him from custody").

The Court finds that Petitioner's view is wrong and must be rejected. The state court's judgment sentenced Petitioner to a term of imprisonment for 45 years in the custody of the Oklahoma Department of Corrections ("DOC"), and with few specific exceptions (such as pardon or parole), DOC was obliged to administer Petitioner's sentence as stated in the judgment. "Under Oklahoma law, the pronouncement of the prison sentence in the judgment and sentence gives a criminal defendant a legitimate expectation of finality in the execution of that sentence only to the extent he will be required to serve the entirety of that sentence." *Warnick v. Booher*, 2006 OK CR 41, ¶ 22, 144 P.3d 897, 903 (alleged error in DOC recordkeeping was not grounds for earlier release). Under the circumstances of this case, Petitioner could not be released from prison after serving a 10-year term without obtaining relief from the existing judgment.

The Court further finds that Petitioner's quest for habeas relief under § 2254 from the sentence imposed by the state district court necessarily implicates the validity of the judgment entered by that court. Regardless of how Petitioner phrases his federal claim, he is asserting that the sentence imposed was constitutionally invalid. The factual basis for his claim existed, if at all, when the allegedly unauthorized sentence was imposed and the judgment was entered. Petitioner's challenge to the sentence was available to him from that time, and could have been pursued in state court (but was not raised in his appeal). No other "factual predicate" for his claim of an excessive sentence was needed, and the later "trigger" date for the one-year period provided by § 2244(d)(1)(D) is inapplicable.

For these reasons, upon *de novo* consideration of the issues presented by Petitioner's Objection, the Court fully concurs in Judge Erwin's finding that the Petition is time barred and should be dismissed with prejudice.[4]

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 7] is **ADOPTED**.  The Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED** with prejudice.  Judgment shall be entered accordingly.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner.  A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon consideration, the Court finds the requisite standard is not met in this case.  Therefore, a COA is **DENIED**.

---

[4] At the conclusion of the Objection, in addressing alleged errors by OCCA in affirming the denial of post-conviction relief on January 9, 2023, Petitioner argues that his public defender prevented him from appealing the allegedly illegal 45-year sentence and rendered ineffective assistance of counsel.  *See* Obj. at 6-7.  The Court declines to consider this new matter raised for the first time in an objection to the R&R.  *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010).

**IT IS SO ORDERED** this 30th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge